Case No. 14-10965

UNITED STATES COURT OF APPEALS
FIFTH JUDICIAL CIRCUIT

In the Matter of: STEWART PHILLIP MCCRAY,

    Debtor

---

STEWART PHILLIP MCCRAY,

    Appellant,

    v.

ROBERT W. YAQUINTO, JR.; NIKKI MCCRAY; OCWEN LOAN SERVICES, L.L.C; WILLIAM NICHOLSON

    Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

**APPELLEES' MOTION TO SUPPLEMENT THE RECORD**

E. P. Keiffer, TBN 11181700
Wright Ginsberg Brusilow P.C.
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
Telephone: (214) 651-6500
Fax: (214) 744-2615

**COUNSEL FOR NIKKI MCCRAY**

Robert Yaquinto, Jr., TBN 22115750
Sherman & Yaquinto, LLP
509 N. Montclair Avenue
Dallas, TX 75208
Telephone: (214) 942-5502
Fax: (214) 946-7601

**COUNSEL FOR 11 TRUSTEE/PIA**

Marc S. Culp, TBN 05212700
Culp & Dyer
222 East McKinney, Suite 210
Denton, TX 76201
Telephone: (940) 484-2236
Fax: (940) 484-4436

and

Christopher J. Moser, TBN 14572500
Quilling Selander Lownds Winslett
& Moser PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100
Fax: (214) 871-2111

**COUNSEL FOR WILLIAM NICHOLSON**

# APPELLEES' MOTION TO SUPPLEMENT THE RECORD

TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

COME NOW, Nikki Slaughter McCray ("**N. McCray**"), Robert Yaquinto, Jr., as Plan Implementation Agent (the "**PIA**"), and William D. Nicholson, IV ("**Nicholson**" and collectively with N. McCray and the PIA, the "**Appellees**"), who file this, their Motion to Supplement the Record.

Appellees request that the Court supplement the official record on appeal with the documents attached to this motion as Appendix A (hereinafter "**Documents at Issue**" or "**DI**"). Appendix A contains the following with their respective references to the filings to which they were first submitted to this Court:

1.   Order on Motion for Approval of Gilder, Gagnon, Howe & Co. Accounts as Bond for Stay Pending Appeal or, Alternatively, for Stay of Order Confirming Fourth Amended Plan of Reorganization As Modified Pending Appeal – United States Bankruptcy Court for the Northern District of Texas, Case No. 12-37865-HDH-11, Docket Number 251: See also Appendix A - 5th Cir. Document 00512862047 pages 2 - 7;

2.   Motion to Approve Sale of 4141 Office Parkway Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 1115 and 1142 and Section 3.14 of the Confirmed Plan United States Bankruptcy Court for the Northern District of Texas, Case No. 12-37865-HDH-11, Docket Number 271: See also Appendix A - 5th Cir. Document 00512862047 pages 8 - 46;

3.   Order Approving Plan Implementation Agent's Motion to Approve Sale of 4141 Office Parkway Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 116 and 1142 and Section 3.14 of the Confirmed Plan – United States Bankruptcy Court for the Northern District of Texas, Case No. 12-37865-HDH-11, Docket Number 296: See also Appendix A - 5th Cir. Document 00512862047 pages 47-52;

   4. Notice of Transfer of Estate Property -- United States Bankruptcy Court for the Northern District of Texas, Case No. 12-37865-HDH-11, Docket Number 279 : See also Appendix A - 5th Cir. Document 00512862047 pages 53-58;

   5. Charge of the Court/Jury Verdict -- 255th Judicial District Court, Dallas County, Texas, Case No. 09-02559: See also Appendix A - 5th Cir. Document 00512862047 pages 59 - 75;

   6. Emailed Ruling of the Divorce Court and Correction -- 255th Judicial District Court, Dallas County, Texas, Case No. 09-02559: See also Appendix A - 5th Cir. Document 00512862047 pages 76 - 78;

   7. Settlement and Mutual Release Agreement entered into pursuant to Final Plan of Reorganization: See also Appendix A - 5th Cir. Document 00512862047 pages 79- 95; and

   8. Agreed Order of Dismissal with Prejudice County Court at Law No. 4, Dallas County, Texas, Case No. CC-10-05939-D: See also Appendix A - 5th Cir. Document 00512862047 pages 96 - 97.

  As just noted, Appellees first included the above-referenced eight (8) documents as a part of its Motion to Take Judicial Notice of Certain Pleadings and Court Orders ("**Judicial Notice Motion**") which were tendered in support for Appellees' Motion to Dismiss appeal for equitable mootness.[1] The Court granted Appellees' Judicial Notice Motion as to these documents in an Order[2] dated January 21, 2015. Based on this decision, Appellees included references to and discussion of seven (7) of the eight (8) Documents at Issue in the Brief of

---

[1] 5th Circuit Case Doc. 00512862046.

[2] 5th Circuit Case Doc. 00512862049.

Appellees[3] filed on March 9, 2015, as well as including those documents as part of the Record Excerpts[4]. On March 26, 2015, Appellant filed a Motion to Strike Certain Documents in Appellees' Record Excerpts and References Thereto in Appellees' Brief,[5] arguing that such documents were outside of the official record. Appellees filed a Response [6] to said Motion on April 8, 2015, arguing for inclusion of these documents in the record based on Court's inherent equitable authority and its previous Order on January 21, 2015 taking judicial notice. Appellees now submit this separate Motion for the Court to supplement the official record with the Documents at Issue.

As previously argued by Appellees in their April 8, 2015 response to Appellant's Motion, it is well established that the Court has inherent equitable authority to supplement the record on appeal. *Dickerson v. Alabama*, 667 F.2d 1364, 1366-68 (11th Cir.), cert denied, 459 U.S. 878, 103 S. Ct. 173, 74 L.Ed.2d 142 (1982); *Gibson v. Blackburn,* 744 F.2d 403, 405, n. 3 (5th Cir. 1984); *Ross v.*

---

[3] 5th Circuit Case Doc. 00512962716. The first listed item in the list above was not made a part of the record excerpts attached to the Appellees' Brief, though the next seven (7) were.

[4] The source of the moniker "Supp. ROA" is as detailed in Appellees' Brief at footnote 2 "[Supplemental Record (pps 1-96) is the Appendix to the granted Motion to Take Judicial Notice pps 2–97 of that filing, 5th Circuit Case Doc. 00512862047]". If such is a misnomer and requires a different referencing regime to enable hyperlinks to be utilized by the Court in reviewing the Appellees' Brief, then Appellees will promptly do so upon such instruction.

[5] 5th Circuit Case Doc. 00512983324.

[6] 5th Circuit Case Doc. 00512998142.

*Kemp*, 785 F.2d 1467, 1474-75 (11th Cir. 1986). Although requests to enlarge the record to include material not before the lower court when a challenged order was entered are not ordinarily granted, this Court has discretion to do so when the interest of justice demands or as appropriate for the efficient use of judicial resources. *Gibson,* 744 F.2d at 405, n.3.

There are multiple reasons why it is appropriate to consider the Documents at Issue in merits briefing in this case. The Documents at Issue references in Appellees' Brief are offered to illustrate: a) the continuing significant consummation of the confirmed plan by the PIA; b) that other tribunals have conducted trials, secured jury verdicts, and entered orders regarding matters addressed in the confirmed plan since the plan's post confirmation effective date. Consideration of the DI in the briefing context will promote judicial economy, enable comity considerations of respect and deference for other court determinations to be borne in mind and makes clear in this context, of the impossibility of the Appellant to secure a return to the status quo ante he seeks by means of reversal of the confirmation order.

Facts reflecting substantial and virtually complete subsequent plan performance materially affect and impede the request in Appellant's Brief to wholly reverse the plan confirmation order and to remand for further proceedings. That relief will be difficult, if not impossible, to carry out now that all monetary

disbursements to nonspousal pre-confirmation creditors have been made, the McCray divorce trial has been largely conducted and completed, and the suit against the Nicholsons dismissed. It is appropriate to address that issue in merits briefing, and, in sum, the Documents at Issue provide information germane to whether and how disbursed monies could be redistributed at this point and whether and how this Court could undo the jury findings in the divorce trial or avoid the dismissal of the Nicholson lawsuit.

Beyond question of appellate remedies, the interest of justice also demands that this Court be made aware that acceptance of various Appellant arguments would contradict divorce court jury findings that all marital property was community property, as well as the divorce court's adoption of those findings. *See, e.g.,* Appendix A - 5th Cir. Document 00512862047, page 68 (Question 5) and page 77. In this appeal, Appellant argues that the Plan fails to meet the requirements of Code § 1129(a)(7), because "separate property" is being used to pay N. McCray's attorneys' fees and that all "separate property" is not being returned to Appellant. This Court's acceptance of arguments that Appellant's "separate property" is being misapplied or misdirected would contradict subsequent jury determinations in the divorce court that all marital property was community. Likewise, appellate points presented in Appellant's Brief regarding the Whitley Penn expert report and the admissibility of Douglas Fejer's hearing

5

testimony only persist if this Court is willing to contradict subsequent divorce court rulings regarding the community or separate property nature of Appellant's assets. There is ample precedent for taking judicial notice of rulings in related litigation under these circumstances. *See, e.g., ITT Rayonier, Inc. v. United States,* 651 F.2d 343, 345, n. 2 (5th Cir. 1981); *United States v. Verlinsky,* 459 F.2d 1085, 1089 (5th Cir. 1972); *Paul v. Dade County Florida,* 419 F.2d 10, 12 (5th Cir. 1969). At a minimum, the interests of justice and judicial economy demand that this Court be made aware of such potential contradictions between this Court and the divorce court if Appellant's arguments are accepted.

Finally, in Appellant's brief, it is argued that, "The Nicholsons' claim of improper conduct had been presented to the Divorce Court, but the Divorce Court had not made findings that the claims were proven or valid." Appellant's Brief, at 13 (last full ¶, last sentence). In addition to the divorce court's rulings on temporary orders (ROA.993 – ROA.994), the jury in also found that Appellee N. McCray should be appointed managing conservator of the children and that Appellant's visitation rights should be limited and supervised (Appendix A - 5th Cir. Document 00512862047 pages 65 (Question 1) and 76), in part because of the improper conduct reported by the Nicholsons. Such reference to the Documents at Issue in Appellees' Brief (at 4, n. 2) was appropriate under the circumstances to correct the misleading statement in Appellant's Brief. *See, e.g., Dakota Industries,*

*Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 63-64 (8th Cir. 1992) (whether intentional or not, record supplementation is appropriate to correct misleading statements of counsel).

There is no general standard that has been established to determine when it is appropriate to permit enlargement of the appellate record. Instead, the authority to exercise such discretion is to be decided on a case-by-case basis. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *see also, Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 64 (8th Cir. 1992). Either because already permitted under this Court's January 21 Order as to judicial notice or because appropriate as an exercise of this Court's inherent equitable authority, this Court should consider Appellees' various references to the Documents at Issue as set forth in the Appellees' Brief and Record Excerpts.

Equitable mootness concerns, which are "designed to protect concerns unique to bankruptcy proceedings" *In the Matter of Idearc Inc.,* 662 F.3d 315 (5th Cir. 2011) have generated this additional documentation. Because those issues were carried with the appeal in chief and the judicially admitted documents also bear on the issues raised in the appeal, they were cited as noted[7] and made part of the Record Excerpts.

---

[7] In the alternative, should the Court determine that the reference nomenclature used regarding the Documents at Issue should be revised in Appellees' Brief so as to refer to those documents by their page number in Appendix A to the Motion to Take Judicial Notice of Certain

7

For the foregoing reasons, Appellees respectfully request that the Court grant the Motion to Supplement the Record with the Documents at Issue attached hereto as Appendix A.

Dated: April 28, 2015    Respectfully submitted,

*/s/ E. P. Keiffer*
E. P. Keiffer (TBN 11181700)
WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214) 651-6500
Fax: (214) 744-2615
Email: pkeiffer@wgblawfirm.com

**COUNSEL FOR NIKKI McCRAY**

*/s/ Robert Yaquinto, Jr.*
Robert Yaquinto, Jr. (TBN 2215750)
SHERMAN & YAQUINTO, LLP
509 N. Montclair, Ave.
Dallas, TX 75208
(214) 942-5502
Fax (214) 946-7601
Email: rob@syllp.com

**COUNSEL FOR 11 TRUSTEE/PIA**

---

Pleadings, Court Orders and Rulings approved by the January 21 Order and to remove same from the Record Excerpts, then Appellees will make such revisions and modifications promptly.

*/s/ Marc S. Culp*
Marc S. Culp, (TBN 05212700)
CULP & DYER
222 East McKinney, Suite 210
Denton, TX 76201
Telephone: (940) 484-2236
Fax: (940) 484-4436

and

*/s/ Christopher J. Moser*
Christopher J. Moser, (TBN 14572500)
Quilling Selander Lownds Winslett
& Moser PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100
Fax: (214) 871-2111

**COUNSEL FOR WILLIAM NICHOLSON**

# CERTIFICATE OF SERVICE

I certify that the foregoing Response was electronically filed on the 28th day of April, 2015, using the court's CM/ECF system which will provide a notice of electronic filing to counsel of record. I further certify that on this same date, a copy of this motion was served on the following *persons* via e-mail:

Rakhee V. Patel
Texas Bar No. 00797213
Christina W. Stephenson
Texas Bar No. 24049535
SHACKELFORD, MELTON, MCKINLEY
& NORTON, LLP
3333 Lee Parkway, Tenth Floor
Dallas, TX 75219
Email: rpatel@shackelfordlaw.net
Email: cstephenson@shackelfordlaw.net

Bret David Allen
Angel L. Reyes and Associates, P.C.
5950 Berkshire Ln., Ste 410
Dallas, TX 75225
214-526-7900 Telephone
214-526-7910 Telecopier
Email: bankruptcy@reyeslaw.com

                                      */s/ E. P. Keiffer*
                                      E. P. Keiffer